THE PEOPLE OF THE STATE OF NEW YORK, Respondent, *v.* CARL MILLER, Appellant.

First Department, May 11, 1965.

*Solomon B. Terkeltoub* for appellant.

*Joseph Rothman* of counsel (*Samuel A. Hirshowitz* with him on the brief; *Louis J. Lefkowitz, Attorney-General*), for respondent.

EAGER, J.   This action was brought in the name of the People of the State of New York, as plaintiff, by the Attorney-General, and the defendant appeals from a judgment in favor of the People.   The judgment, rendered upon a motion for summary judgment, directed that the defendant be forever " restrained, enjoined and forbidden to hold himself out to the public in the State of New York in any manner as an ' attorney ', ' patent attorney ', ' registered patent attorney ' or to use any other title or appellation which connotes status as an attorney at law or conveys the impression that he is a legal practitioner of law without having first been duly and regularly licensed and admitted to practice law in the courts of record of this State in accordance with the provisions of the Judiciary Law, Article 15."

The judgment was rendered on the basis of allegations in the complaint, admitted by the defendant, that the defendant is not licensed to practice law in this State; that he " does hold himself out to the public as a patent attorney "; that he " has for some time past and still does maintain an office in Room 3612 of the Woolworth Building at 233 Broadway, Borough of Manhattan, City and State of New York, on the door of which appears the words ' Patent Attorney ' and is so listed in the

Manhattan telephone directory "; and that " the defendant also uses the title of ' Patent Attorney ' on his business letterheads and calling cards."

By way of defense, the defendant alleges in his answer and it is conceded that on the 20th day of April, 1926, he was duly registered to practice as an attorney before the United States Patent Office and that, at the time of the commencement of this action, he was and is now in good standing as such attorney.

Until November 15, 1938, the Commissioner of Patents maintained a single register listing the names of those persons authorized to practice before the Patent Office in patent cases, and they were listed and certified as attorneys whether or not they were admitted to practice law. (Rules of Practice of the United States Patent Office, § 1.341, subd. [b], Note; Code of Fed. Reg., tit. 37, § 1.341, subd. [b].) Effective in 1938, the Commissioner established two separate registers " on which are entered the names of all persons recognized as entitled to represent applicants before the Patent Office in the preparation and prosecution of applications for patent ". Thereafter, one register was for attorneys at law, who were registered as " Attorneys ", and the other register was for nonlawyer " Agents ". (Code of Fed. Reg., tit. 37, § 1.341; see, also, *Sperry* v. *Florida*, 373 U. S. 379, 384.)

The defendant, as a nonlawyer, who registered prior to the 1938 change in the Regulations of the Commissioner of Patents, retains his designation under such regulations as an " attorney " and is authorized to practice before the Patent Office in patent cases as such, even though he is not admitted to practice law.

There is no allegation or claim that the defendant " makes it a practice or business to render legal services which are prohibited by law as constituting the unlawful practice of the law ", and, therefore, this action by the Attorney-General is not authorized by section 476-a of the Judiciary Law. The Attorney-General, however, contends that the defendant's use of the title " patent attorney " offends against the provisions of section 270 of the Penal Law, insofar as they proscribe the use of the word " attorney " by a person who is not admitted to practice law in the State. On this basis, the Attorney-General submits that section 476-a of the Judiciary Law should be read *in pari materia* with said section 270 of the Penal Law, so as to authorize injunctive relief.

The section 270 proscription against the use by a nonlawyer of the title " attorney " is not general or all-inclusive. By its express provisions, a violation of the section depends upon whether or not the nonlawyer uses the title " in such manner as

to convey the impression that he is a legal practitioner of law or in any manner to advertise that he either alone or together with any other person or persons has, owns, conducts or maintains a law office or a law and collection office, or office of any kind for the practice of law ''. (Penal Law, § 270.)

The title '' attorney '', in its broad sense, signifies merely an agent or substitute and does not necessarily refer to an attorney at law. (See 7 C. J. S., Attorney and Client, § 1; Black's Law Dictionary [4th ed.] '' attorney '', p. 164; *Hughes* v. *Mulvey,* 1 Sandf. 92, 95.) Webster's Dictionary (unabridged edition), defines an attorney generally as '' One who is legally appointed by another to transact any business for him ''. Of course, the word '' attorney '' may be and is many times used to refer to one who transacts legal business. Whether it is so used, thus signifying an attorney at law, depends upon the manner of its use or any qualifying expression or text accompanying the same.

Here, consistent with the general and broad definition of the term attorney and with the defendant's status as an '' attorney '' entitled to practice before the United States Patent Office, the defendant's use of the designation '' patent attorney '' may be construed merely as meaning that the defendant holds himself out as an agent in patent matters. Such use would not be improper. The defendant, by virtue of Federal statute and regulation, has the right to perform within the State the tasks incident to the preparation and prosecution of patent applications before the United States Patent Office and to use the designation '' patent attorney '' in this connection. The State law may not be construed or applied to interfere with such Federal right. (See *Sperry* v. *Florida,* 373 U. S. 379, *supra.*)

Under the circumstances, an actionable violation of section 270 would depend upon a showing, absent here, that the defendant uses his federally authorized title '' Patent Attorney '' to indicate that he is engaged in the practice of law as distinguished from a practice in patent matters before the United States Patent Office. Furthermore, without regard to whether or not section 270 of the Penal Law may be applied to limit the defendant in his use of the title '' Patent Attorney '', this action for an injunction is not supportable. Concededly, the Attorney-General is not vested with the general authority to maintain actions to restrain violations of statutes, penal or otherwise, and there is no express statutory authority for this action.

In the absence of special statutory authority, an action for injunction is not maintainable in the name of the People of the State of New York by the Attorney-General upon the mere showing that acts of a defendant violate the terms of a statute

and may constitute a crime. The utilization of the injunction remedy is not available to prevent crimes, or to punish misdemeanants or other criminals. The remedy is available only in a proper case to prevent substantial or irreparable injury which may result from a continuance of the proscribed acts. Thus, to justify this action by the Attorney-General for an injunction, it would be necessary, in any event, for him to establish that the relief sought is required for the protection of the People — the safeguarding of the public health, morals, safety or welfare, or the prevention of irreparable injury to the public or a segment thereof. (See *People ex rel. Bennett* v. *Laman*, 277 N. Y. 368, 384. See, also, 20 N. Y. Jur., Equity, § 47; *Id.*, vol. 28, Injunctions, § 95.)

The Attorney-General does not allege that the defendant has at any time engaged in the unlawful practice of law, nor does he claim that the defendant intends to so engage. The defendant is now a member of a diminishing class of patent agents, registered before 1938, who may use the title "Patent Attorney." For more than 34 years, without objection, he has been practicing as a registered patent attorney in the State of New York. It does not appear that his continued use in this connection of the designation "Patent Attorney" has or will result in an injury to the public or any member thereof. There is no claim that he has committed or threatens to commit any act which will cause irreparable injury to any person.

The order and judgment, entered June 22, 1964, should be reversed, on the law, with $50 costs and disbursements to the defendant-appellant, and summary judgment should be rendered in favor of the defendant dismissing the complaint, with taxable costs and disbursements.

BREITEL, J. P., VALENTE, McNALLY and STEVENS, JJ., concur.

Order and judgment unanimously reversed, on the law, with $50 costs and disbursements to defendant-appellant, and summary judgment rendered in favor of the defendant dismissing the complaint.