■ WILLIAM C. HENNESSY, as Commissioner of Transportation of the State of New York, Respondent, v MICHAEL J. HANNAN, Appellant. — Appeal from a judgment of the Supreme Court in favor of plaintiff, entered August 27, 1979 in Tompkins County, upon a decision of the court at a Trial Term, without a jury. Plaintiff has obtained a permanent injunction directing defendant to remove his barge from its mooring adjacent to his lands along the Cayuga Inlet

in the City of Ithaca, New York. While the inlet forms a portion of the canal system of the State of New York (Canal Law, § 2, subd 11), it is a narrow dead-end passage which leads from the southerly end of Cayuga Lake to the southerly side of State Street in the City of Ithaca. It effectively terminates at the Buffalo Street bridge, however, because there is a limited clearance of some five feet between the bottom of the bridge and the waters of the canal. In order to moor a barge within the waters of the canal system, a permit is required to be obtained from the plaintiff (Canal Law, § 10, subd 9; 17 NYCRR 51.10 [b]). Defendant sought permission to moor this barge next to his boat slip in 1974, but the application was denied and this action was commenced in December of 1977. While the complaint originally asserted a second cause of action to recover penalties for violations of plaintiff's rules (see 17 NYCRR 51.10 [j]; 51.12; 51.29 [f]), this cause of action was subsequently discontinued upon motion of the Attorney-General. Thus, the sole question presented for our consideration is whether, upon this record, a permanent injunction was properly granted. It is obvious that the interest sought to be protected by plaintiff in this litigation is one which a court of equity will recognize, i.e., the protection of the general public from dangers posed by hazards to navigation lying within the channel of a canal system. Nevertheless, to obtain injunctive relief, there must be more than a mere showing of statutory or regulatory violations; plaintiff must establish that the acts or omissions of the defendant actually imperil the general public or amount to a public nuisance *(People ex rel. Bennett v Laman,* 277 NY 368, 384; cf. 28 NY Jur, Injunctions, § 95, p 429). In our view, there has been a failure of such proof. The only significant evidence offered by plaintiff was the testimony of one of its employees, a waterways permit engineer, who recounted that at various times he observed defendant's barge moored within the canal. This employee further testified that in May of 1978 he measured the width of the inlet from wall to wall and found it to be 90 feet; that defendant's barge was 23 feet wide and 80 feet long; and that it protruded 43 feet out into the canal and into the navigation channel which was 60 feet wide. He also related that the barge was unlighted, sometimes partially sunken, and was a hazard to navigation on such occasions. However, on cross-examination, the witness acknowledged that his information as to the width of the navigation channel was derived from construction plans used in 1913; that the area was highly eroded with a large amount of siltation, and, that, in fact, he was not sure just how wide the channel was at the time of his survey. Moreover, he also stated that the original concrete embankment walls had broken away and fallen into the canal, and that other obstructions were presently visible in the channel, including the branches of a tree which appeared to extend over and beyond defendant's barge. On balance then, the protrusion of defendant's barge into the channel and its unlighted condition were the only circumstances submitted by plaintiff as indicative of a hazard to users of the inlet. In opposition, defendant clearly established that the inlet was primarily used by pleasure craft and he produced several witnesses, current users of the channel, who testified that his barge presented no hindrance to their passage. Additionally, defendant presented an uncontradicted and reasonable account for intermittent lighting failures and the partially submerged attitude of the barge during certain periods was fully explained. Since the limits of the navigable channel were not fixed by plaintiff (see 17 NYCRR 55.2), and acceptable proof of actual peril or irreparable harm to the general public was not developed *(People ex rel. Bennett v Laman, supra; People v Miller,* 23 AD2d 144), there was insufficient evidence in this record to establish that the location of defendant's barge was a hazard to navigation and a nuisance. Accordingly, an injunction should not have been issued. Judgment reversed, on the law and the facts, and complaint dismissed, with costs. Mahoney, P. J., Sweeney, Kane, Mikoll and Herlihy, JJ., concur.